UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PETER GAKUBA, )<br>)<br>    Petitioner )<br>)<br>v. )<br>)<br>ATTORNEY GENERAL OF THE )<br>STATE OF MAINE, )<br>)<br>    Respondent ) | 2:23-cv-00009-GZS |

**RECOMMENDED DECISION AFTER PRELIMINARY
REVIEW OF PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254 from three convictions in Illinois state court. (Petition, ECF Nos. 1, 8.) Petitioner alleges he has been released from jail on parole and is residing in Maine.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." After a review in accordance with Rule 4, I recommend the Court dismiss the matter.

**DISCUSSION**

Petitioner asserts and the record reflects that Petitioner previously filed a request for habeas relief. Petitioner represents the District Court for the Northern District of Illinois denied his request for habeas relief and denied a certificate of appealability, and that the Court of Appeals for the Seventh Circuit denied his appeal and his request for a hearing en

banc. (*See* Petition at 18, PageID #: 101, ECF No. 8.) Petitioner contends the first proceeding is "void ab initio" because of due process violations. (Jurisdiction/Venue Statement at 1, ECF No. 6.) A review of the decision on Petitioner's prior habeas petition reveals that the District Court for the Northern District of Illinois considered the merits of the petition and denied relief. (Order, *Gakuba v. Brannon*, No. 3:17-cv-50337, ECF No. 38 (N.D. Ill. Oct. 24, 2018.)). Petitioner's filing in this court, therefore, is a second and successive request for habeas relief.

In the Antiterrorism and Effective Death Penalty Act (AEDPA), "Congress established a 'gatekeeping' mechanism for the consideration of 'second or successive habeas corpus applications' in the federal courts." *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998) (quoting *Felker v. Turpin*, 518 U.S. 651, 657 (1996)). Pursuant to 28 U.S.C. § 2255(h) and § 2244(b)(3)(A), "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. "Such authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court." *Bucci v. United States*, 809 F.3d 23, 25–26 (1st Cir. 2015). The First Circuit has "interpreted [these provisions] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)).

The record lacks any evidence that Petitioner's second or successive request for habeas relief has been authorized by the First Circuit or any other federal circuit court. The Court, therefore, is without jurisdiction to consider Petitioner's request. Accordingly, dismissal is required.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of January, 2023.