# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| PETER GAKUBA, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Docket no. 2:23-cv-00009-GZS |
| | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF MAINE, | ) |
| | ) |
|     Defendant. | ) |

## COK ORDER

By separate order, this Court has resolved all pending motions in this matter and dismissed the habeas petition that Mr. Gakuba has filed with this Court. In reviewing the filings Mr. Gakuba has made with this Court, it has come to the Court's attention that Mr. Gakuba has made multiple attempts to relitigate his habeas claims with various federal courts before attempting to seek relief in the District of Maine.[1] See, e.g., Gakuba v. Doe, No. 22-CV-1039 (LTS), 2022 WL 561669, at *5 (S.D.N.Y. Feb. 22, 2022) (concluding that the court lacked jurisdiction over Gakuba's "uncertified successive section 2254 petition"), Gakuba v. Warden, No. 1:21-cv-02498-ELH, slip op. at 1 (D. Md. Oct. 5, 2021) (transferring Gakuba's 2254 petition to the Northern District of Illinois), aff'd, No. 21-7450, 2022 WL 256342 (4th Cir. Jan. 26, 2022).[2] Based on the rulings rendered in these previous cases, it is apparent that Mr. Gakuba's filing of a 2254 petition with this

---

[1] While it appears that Mr Gukuba was prompted to file in the District of Maine because he is presently residing at a Maine address listed on his filings, the Court notes that Mr. Gupta has recently filed matters in other federal courts for which he lists different mailing addresses. See Gakuba v. California Attorney General, N.D. Ill. Docket No. 3:23-cv-50015-GZS, ECF No. 25 at 2 (listing an address in Baltimore, Maryland); Gakuba v. U.S. District Court, N.D. Cal., 9th Cir. Docket No. 23-70007, ECF No. 10 at 4 (listing an address in Walnut Creek, California).

[2] All told, a PACER search yields "Peter Gakuba" as a plaintiff or petitioner over 100 federal cases that have been filed since late 2011; some of which are appeals of underlying district court cases.

Court is a frivolous filing; such filings unnecessarily delay the resolution of matters within this Court's jurisdiction.

This Court is not the first to recognize Mr. Gukaba's frivolous filings. Rather, Mr. Gukaba has been the subject of filing restrictions in other federal courts. See, e.g., Gakuba v. Dodd, No. 22-6203, 2023 WL 124492, at *1 (U.S. Jan. 9, 2023) (noting Gakuba "has repeatedly abused this Court's process" and placing restrictions on his filing of petitions in noncriminal matters); Gakuba v. Dodd, No. 22-1982, 2022 WL 18145557, at *1 (7th Cir. Nov. 22, 2022) (noting that Gakuba is subject to a "fine and filing bar entered in No. 22-3039 (7th Cir. Nov. 21, 2022)"). In short, it is apparent to this Court that Mr. Gakuba is an abusive litigant who is wasting judicial resources.

Given this documented history and the Court's review of his filings here in the District of Maine, the Court hereby provides a Cok warning to Mr. Gakuba that any further frivolous filings on this docket or with this Court will result in immediate filing restrictions being imposed and may result in additional sanctions. See generally Cok v. Family Court of Rhode Island, 985 F.2d 32 (1st Cir. 1993) (requiring that the Court warn any litigant before restricting the litigant's ability to file).

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 19th day of January, 2023.